UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTO BLANC,

Petitioner,

v.

Case No. 2:26-cv-2739-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.

_______________________________/

**ORDER**

Petitioner Christo Blanc has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He was paroled into the United States in August 2023 after he was encountered at a port of entry. (Doc. 4 at 2.) His parole expired two years later. (*Id.*) Then, on August 23, 2026, ICE took him into custody. He has been there ever since because the Government claims he is subject to mandatory, no-bond detention under 8 U.S.C. § 1225(b)(2)(A) as an arriving alien whose parole was previously terminated. (Doc. 4.) Unwilling to wait behind bars indefinitely, Blanc filed this petition for a writ of habeas corpus, claiming that the Attorney General is holding him in violation of the Immigration and Nationality Act and the Fifth Amendment. (Doc. 1.)

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Based on recent Eleventh Circuit precedent, this Court has concluded that aliens who are stopped at the border and released into the country, like Blanc, fall under 8 U.S.C. § 1226 and are entitled to a bond hearing. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026); *see Jean v. Ripa*, No. 2:26-cv-1390-KCD-NPM, 2026 WL 1429343, at *3 (M.D. Fla. May 21, 2026). And though Blanc's parole has expired, the same reasoning applies. *See Mendes v. Ripa*, No. 3:26-cv-118-JEP-PDB, 2026 WL 1396160, at *1 (M.D. Fla. May 19, 2026). Blanc is thus entitled to a bond hearing under § 1226.

Blanc seems to request his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Blanc is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Blanc with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Blanc also seeks relief under the Fifth Amendment, or any other theory, such claims are not addressed "given that the Court [is

granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a).” *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Blanc with a bond hearing as ordered or he remains in custody, he can renew these other claims in a subsequent suit.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Petitioner with the statutory process required under § 1226, which includes a bond hearing. To satisfy this order, the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793, at *2 (M.D. Fla. July 28, 2026). The habeas petition is otherwise denied. The Clerk is directed to deny all pending motions and close this case.

**ORDERED** in Fort Myers, Florida on November 6, 2026.

Kyle C. Dudek
United States District Judge